Reyna, Circuit Judge,
dissenting in part.
I agree with the court’s opinion except with respect to claim 9 and the claims depending from it. For claim 9, the majority concludes that the Board’s determination of obviousness is unsupported by substantial evidence. I disagree.
The Board found, based on the text of the Alumot reference, that “Alumot at least suggests ... comparing multiple patterns collectively to an inspected die.” A10. Alumot specifically explains that the system compares “the inspected pattern” to “the light pattern of at least one other die, serving as the reference pattern.” (A374, 8:37-43.) In my view, a POSITA would read the term “at least one” to include more than one: “at least” means that both exactly one die and multiple dies are possible.
Curiously, however, the majority claims that “the Board relied on no evidence for its determination that one of ordinary skill would have known of training a model using multiple dies as one of two ways to compare an inspected light pattern to that of at least one other die.” Maj. Op. at 930 (emphasis added). The majority does not explain how or why the text from the Alumot reference does not count as evi-dentiary support, nor does it cite legal authority for that proposition. Indeed, a basic tenet of U.S. Patent law is that the text, diagrams, and figures of a prior art reference are evidence. See, e.g., Sakraida v. Ag Pro, Inc., 425 U.S. 273, 280, 96 S.Ct. 1532, 47 L.Ed.2d 784 (1976) (listing prior patents and prior art publications as types of evidence in an obviousness inquiry); Okajima v. Bourdeau, 261 F.3d 1350, 1356 (Fed, Cir. 2001) (citing the' scope and content of the prior art references as substantial evidence in support of the Board’s determination of nonobviousness). The in *933 terpretation of such evidence results in factual findings. “Art can legitimately serve to document the knowledge that skilled artisans would bring to bear in reading the prior art identified as producing obviousness.” Ariosa Diagnostics v. Verinata Health, Inc., 805 F.3d 1359, 1365 (Fed. Cir. 2015). These factual findings can “include findings as to the scope and content of the prior art, the differences between the prior art and the claimed invention, the level of ordinary skill in the art, the presence or absence of a motivation to combine or modify with a reasonable expectation of success, and objective indicia of non-obviousness.” Id. at 1364.
The majority appears to concede that the Board’s finding that “Alumot suggests multiple-die comparison” was likely valid. Maj. Op. at 930. The Board found that there are two ways to implement multiple-die comparison, “(1) multiple one-to-one die comparisons ... or (2) comparing multiple patterns collectively to an inspected die,” and that Alumot is ambiguous as to which is used. A9-10. The second option, collective comparison, corresponds closely to training a model. The Board, citing the Alumot specification as evidence, found that “Alumot at least suggests” the second alternative. A10. So perhaps in stating that there is no evidence, the majority meant that there is no evidence that speaks specifically to the fact that a POSITA might choose the second alternative suggested by Alumot.
Even so, no such specific evidence is required. See Okajima, 261 F.3d at 1356 (even though only the prior art references themselves were presented, this was substantial evidence for the Board’s findings). The Board’s ultimate finding was that it would have been obvious to a skilled artisan to train a model “using plural known good quality substrates.” A10. To get from a choice of two options, the second of which entails training a model, to actually training a model, a POSITA merely needs to make a simple binary decision. That choice is a small mental leap that the Board found the POSITA would make after reading the cited evidence in the patent. This finding, what a POSITA would have learned after reading the specification of the reference, is a factual finding. See Ariosa, 805 F.3d at 1365; cf. KSR Int’l Co. v. Teleflex Inc., 550 U.S. 398, 400, 127 S.Ct. 1727, 167 L.Ed.2d 705 (2007) (findings about the “specific understanding or principle” within a POSITA’s knowledge are unnecessary).
The majority errs in its belief that the standard of substantial evidence requires an express statement of the system rendered obvious or a specific explanation in evidence for how a POSITA would address every yes-or-no question. See, e.g., Merck & Cie v. Gnosis S.P.A., 808 F.3d 829, 834-35 (Fed. Cir. 2015) (making inferences from context of prior art references about what a POSITA would have understood); In re Gañside, 203 F.3d 1305, 1320 (Fed. Cir. 2000) (finding substantial evidence for a POSITA’s motivation to combine references even when there was no explicit teaching in the references suggesting that they be combined). Yet that is the eviden-tiary justification the majority seems to require of the Board.
Substantial evidence is a deferential standard of review. “Substantial evidence is more than a mere scintilla, and such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.” Ad Hoc Shrimp Trade Action Comm. v. United States, 618 F.3d 1316, 1321 (Fed. Cir. 2010) (citations omitted). Even when a reasonable fact-finder “could have found some facts differently,” the result “must be sustained if it is supported by substantial evidence on the record.” Apple Inc. v. Samsung Elecs. Co., 839 F.3d *934 1034, 1062 (Fed. Cir. 2016) (en banc) (upholding presumed fact findings based on substantial evidence).
The Board’s factual finding is supported by substantial evidence. Here, a reasonable mind might have found Alumot’s suggestion that multiple known good dies be used as a reference as sufficient to support the idea that a POSITA might have built such a system by creating a model of those multiple known good dies. In fact, the reasonable minds at the Board came to this very conclusion. That the majority would have found otherwise is immaterial.
“[A]s an appellate court, it is beyond our role to reweigh the evidence or consider what the record might have supported, or investigate potential arguments that were not meaningfully raised.” Apple, 839 F.3d at 1062. “Our review is limited to whether fact findings made and challenged on appeal are supported by substantial evidence in the record, and if so, whether those fact findings support the legal conclusion of obviousness.” Id.
Here, the majority errs in that it sets aside what the Board properly found to be “evidence” to find that there is “no evidence.” This is contrary to the standard of review of substantial evidence. A reasonable person reading Alumot could conclude that a skilled artisan reading the reference would think to try training a model of known good dies. For this reason, I dissent from the majority as to claim 9.